| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | |

(12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

KYRESHA COLEMAN, Special Adm. Estate of KYLON COLLINS

(Name all parties)

v.

INGALLS MEMORIAL HOSPITAL

No. 2016 L 012028

**RECEIVED**
JAN 1 1 2017
BY:

ORIGINAL

⊙ SUMMONS ○ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ☑ Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602
- ☐ District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077
- ☐ District 3 - Rolling Meadows
  2121 Euclid 1500
  Rolling Meadows, IL 60008
- ☐ District 4 - Maywood
  Maybrook Ave.
  Maywood, IL 60153
- ☐ District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455
- ☐ District 6 - Markham
  16501 S. Kedzie Pkwy.
  Markham, IL 60428
- ☐ Child Support: 50 W.
  Washington, LL-01,
  Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the Officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: __31444__

Name: Larry Rogers Jr./Power Rogers & Smith

Atty. for: Plaintiff

Address: 70 W. Madison, 55th Floor

City/State/Zip Code: Chicago, IL 60602

Telephone: 312-236-9381

Primary Email Address:
lrogersjr@prslaw.com

Secondary Email Address(es):
kgeary@prslaw.com

Witness: DOROTHY BROWN
CLERK OF CIRCUIT COURT

DOROTHY BROWN, Clerk of Court

DEC 2 1 2016

Date of Service
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 1 of 1

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| KYRESHA COLEMAN as Special Administrator )<br>Of the Estate of KYLON COLLINS, deceased; and )<br>KYRESHA COLLINS, Individually, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>INGALLS MEMORIAL HOSPITAL, )<br>d/b/a INGALLS FAMILY CARE CENTER )<br>individually and/or by and )<br>through its doctors, nurses, medical providers, )<br>and/or agents, including ERNEST HAYES, M.D., )<br>SHARON JAMES, M.D., and )<br>DARLENE  MCCAFFERTY R.N.; )<br>CHICAGO METROPOLITAN OBSTETRICIANS )<br>& GYNECOLOGISTS, LTD., individually and/or )<br>by and through its employees and and/or agents, )<br>including ERNEST HAYES, M.D., and )<br>SHARON JAMES, M.D.; )<br>BLUE ISLAND CLINIC COMPANY, LLC d/b/a )<br>METRO SOUTH MEDICAL CENTER at )<br>BLUE ISLAND, individually and/or by and )<br>through its doctors, nurses, medical providers, )<br>and/or agents including, ARLETTE BROWN M.D.,)<br>and ASHLEY HALLAHAN R.N, )<br>BLUE ISLAND CLINIC COMPANY, LLC d/b/a )<br>METRO SOUTH MEDICAL CENTER, )<br>individually and/or by and through its doctors, )<br>nurses, medical providers, and/or agents including, )<br>ARLETTE BROWN M.D., )<br>and ASHLEY HALLAHAN R.N, )<br>AFFILIATED PHYSICIANS GROUP, LLC )<br>individually and/or by and through its doctors, )<br>nurses, medical providers, and/or agents including, )<br>ARLETTE BROWN M.D.; )<br>ACCESS COMMUNITY HEALTH NETWORK )<br>individually and/or by and through its doctors, )<br>nurses, medical providers, and/or agents including, )<br>ARLETTE BROWN M.D. )<br>     Defendants. ) | No.<br>JURY DEMAND |

2016L012028<br>CALENDAR/ROOM H<br>TIME 00:00<br>Medical Malpractice

RECEIVED<br>JAN 1 1 2017<br>BY:

1

## COMPLAINT AT LAW



Now Comes Plaintiff, KYRESHA COLEMAN individually and as Special Administrator of the

Estate of KYLON COLLINS, deceased, by and through her attorneys, POWER ROGERS &

SMITH, LLP, complaining of Defendants, ERNEST HAYES, M.D., SHARON JAMES, M.D.,

DARLENE McCAFFERTY R.N., individually and/or as agents and/or employees of INGALLS

MEMORIAL HOSPITAL; ERNEST HAYES, M.D., SHARON JAMES, M.D., individually

and/or as agents and/or employees of CHICAGO METROPOLITAN OBSTETRICIANS &

GYNECOLOGISTS, LTD., individually and/or by and through its employees and and/or agents,

including ERNEST HAYES, M.D., and SHARON JAMES, M.D.; BLUE ISLAND CLINIC

COMPANY, LLC d/b/a METRO SOUTH MEDICAL CENTER at BLUE ISLAND, individually

and/or by and through its doctors, nurses, medical providers, and/or agents including, ARLETTE

BROWN M.D. and ASHLEY HALLAHAN R.N,; BLUE ISLAND CLINIC COMPANY, LLC

d/b/a METRO SOUTH MEDICAL CENTER, individually and/or by and through its doctors,

nurses, medical providers, and/or agents including, ARLETTE BROWN M.D., and ASHLEY

HALLAHAN R.N,; AFFILIATED PHYSICIANS GROUP, LLC, individually and/or by and

through its doctors, nurses, medical providers, and/or agents including, ARLETTE BROWN

M.D.; and ACCESS COMMUNITY HEALTH NETWORK, individually and/or by and through

its doctors, nurses, medical providers, and/or agents including, ARLETTE BROWN M.D.,

pleading hypothetically and in the alternative states as follows:

### General Allegations

1.      On or about December 3, 2014, and at all times relevant and material, KYRESHA

COLEMAN, (hereinafter referred to as "Kyresha") was an individual residing in the state of

Illinois, County of Cook.

2

2.      On or about December 3, 2014, and at all times relevant and material, BLUE ISLAND CLINIC COMPANY, LLC d/b/a METRO SOUTH MEDICAL CENTER (hereafter "Metro South" was a corporation duly organized and existing and/or doing business under the laws of the State of Illinois.

3.      On or about December 3, 2014, and at all time relevant and material, Metro South was a licensed medical facility, with a principal place of business in the state of Illinois, County of Cook.

4.      On or about December 3, 2014, and at all times relevant and material, AFFILIATED PHYSICIANS GROUP, LLC was a corporation duly organized and existing and/or doing business under the laws of the State of Illinois.

5.      On or about December 3, 2014, and at all times relevant and material, AFFILLIATED PHYSICIANS GROUP, LLC, individually and/or by and through its doctors, medical providers, and/or agents including, ARLETTE BROWN M.D.

6.      On or about December 3, 2014, and at all times relevant and material, ARLETTE BROWN, M.D. was a physician licensed to practice medicine in the State of Illinois.

7.      On or about December 3, 2014, and at all times relevant and material, Arlette Brown, M.D. was an agent and/or employee of Affiliated Physicians Group, LLC and/or Metro South.

8.      On or about December 3, 2014, and at all times relevant and material, Arlette Brown, M.D. was acting within the scope and course of her agency and/or employment relationship with Affiliated Physicians Group, LLC and/or Metro South.

9.      On or about December 3, 2014, and at all times relevant and material, Arlette Brown, M.D. was an agent and/or employee of Affiliated Physicians Group, LLC and/or Metro South.

10.     On or about December 3, 2014, and at all times relevant and material, Arlette Brown M.D. was acting within the scope and course of her agency and/or employment relationship with Affiliated Physicians Group, LLC and/or Metro South.

11.     On or about December 3, 2014, and at all times relevant and material, ASHLEY HALLAHAN R.N. was a licensed, registered nurse providing care and treatment as an employee and/or agent of BLUE ISLAND CLINIC COMPANY, LLC d/b/a METRO SOUTH MEDICAL CENTER.

12.     On or about December 3, 2014, and at all times relevant and material, Ashley Hallahan, R.N. was an agent and/or employee of Metro South.

13.     On or about December 3, 2014, and at all times relevant and material, Ashley Hallahan, R.N. was acting within the scope and course of her agency and/or employment relationship with Metro South.

14.     On or about December 3, 2014, and at all times relevant and material, Ashley Hallahan, R. N. was an agent and/or employee of Metro South.

15.     On or about December 3, 2014, and at all times relevant and material, Ashley Hallahan, R. N., was acting within the scope and course of her agency and/or employment relationship with Metro South.

16.     On or about December 3, 2014, and at all times relevant and material, Kyresha was nine months pregnant with KYLON COLLINS (hereinafter referred to as "Kylon").

4

17.     On or about December 3, 2014, Kyresha presented to Metro South with signs of contractions.

18.     On or about December 3, 2014, Kyresha presented to Metro South, and its physicians, nurses, and medical care providers, including ARLETTE BROWN, M.D. and Ashley Hallahan, for evaluation and delivery of Kylon.

19.     On or about December 3, 2014, Kyresha was documented as being G1P0 with a due date of December 3, 2014 a presentation which included contractions every 3-5 minutes, and pelvic pain while being 9 months pregnant.

20.     On or about December 3, 2014, an external fetal monitor was placed on Kyresha which is described as having recorded fetal heart tones in the 130's with variability.

21.     On or about December 4, 2014, after approximately 2 hours, ARLETTE BROWN, M.D. was informed that there was an unchanged contraction pattern with reactive tracings by ASHLEY HALLAHAN, R.N. and based thereon, ARLETTE BROWN, M.D. discharged Kyresha on December 4, 2014.

22.     On or about December 3, 2014, and at all times relevant and material, ARLETTE BROWN, M.D. did not examine Kyresha or personally evaluate the wellbeing of her child, Kylon.

23.     On or about December 3, 2014, and at all times relevant and material, Kyresha was in active labor.

24.     On or about December 3, 2014, and at all times relevant and material, Kyresha was discharged without a scheduled follow-up appointment and adequate discharge instructions.

25.     On or about December 11, 2014, and at all times relevant and material, Kylon Collins, Kyresha's child died despite being a full-term viable fetus/child.

## DECEMBER 11, 2014 PRESENTATION TO INGALLS MEMORIAL HOSPITAL

26.     On or about December 11, 2014, and at all times relevant and material, INGALLS MEMORIAL HOSPITAL (hereinafter referred to as "Ingalls") was a corporation duly organized and existing and/or doing business under the laws of the State of Illinois.

27.     On or about December 11, 2014, and at all time relevant and material, Ingalls was a licensed medical facility, with a principal place of business in the state of Illinois, County of Cook.

28.     On or about December 11, 2014, and at all times relevant and material, CHICAGO METROPOLITAN OBSTETRICIANS & GYNECOLOGISTS, LTD. (hereinafter referred to as "Chicago Metro") was a corporation duly organized and existing and/or doing business under the laws of the State of Illinois.

29.     On or about December 11, 2014, and at all time relevant and material, Chicago Metro was a licensed medical facility, with a principal place of business in the state of Illinois, County of Cook.

30.     On or about December 11, 2014, and at all times relevant and material, SHARON JAMES, M.D., (Hereinafter referred to as "James") was a physician licensed to practice medicine in the state of Illinois.

31.     On or about December 11, 2014, and at all times relevant and material, James was an agent and/or employee of Ingalls.

32.     On or about December 11, 2014, and at all times relevant and material, James was acting within the scope and course of her agency and/or employment relationship with Ingalls.

33.     On or about December 11, 2014, and at all times relevant and material, James was an agent and/or employee of Chicago Metro.

34.     On or about December 11, 2014, and at all times relevant and material, James was acting within the scope and course of her agency and/or employment relationship with Chicago Metro.

35.     On or about December 11, 2014, and at all times relevant and material, ERNEST HAYES, M.D., (Hereinafter referred to as "Hayes") was a physician licensed to practice medicine in the state of Illinois.

36.     On or about December 11, 2014, and at all times relevant and material, Hayes, was an agent and/or employee of Ingalls.

37.     On or about December 11, 2014, and at all times relevant and material, Hayes was acting within the scope and course of his agency and/or employment relationship with Ingalls.

38.     On or about December 11, 2014, and at all times relevant and material, James was an agent and/or employee of Chicago Metro.

39.     On or about December 11, 2014, and at all times relevant and material, James was acting within the scope and course of her agency and/or employment relationship with Chicago Metro.

40.     On or about December 11, 2014, and at all times relevant and material, DARLENE MCCAFFERTY, R.N, (hereinafter referred to as "McCafferty") was a nursed licensed to practice in the state of Illinois.

41.     On or about December 11, 2014, and at all times relevant McCafferty was an agent and/or employee of Ingalls.

42.     On or about December 11, 2014, and at all times relevant and material, McCafferty was acting within the scope and course of his agency and/or employment relationship with Ingalls.

43. On or about December 11, 2014, and at all times relevant and material, Kyresha was nine months pregnant with KYLON COLLINS (hereinafter referred to as "Kylon").

44. On or about December 11, 2014, Kyresha presented to Ingalls with signs of contractions.

45. On or about December 11, 2014, Kyresha was admitted to Ingalls for delivery of Kylon.

46. On or about December 11, 2014, Ingalls was not equipped with and did not properly attach a proper external fetal heart monitor, requiring two straps to be tied across Kyresha's stomach.

47. On or about December 11, 2014, an external fetal monitor was placed on Kyresha.

48. On or about December 11, 2014, a heartbeat was recorded.

49. On or about December 11, 2014, an internal heart monitor was placed on Kylon's scalp.

50. On or about December 11, 2014, a heartbeat was recorded.

51. On or about December 11, 2014, Kyresha was 2cm dilated with a bulging bag.

52. On or about December 11, 2014, Kyresha signed consent forms for an emergency C-section.

53. On or about December 11, 2014, Hayes broke the bulging bag.

54. On or about December 11, 2014 Kylon's heart beat began to rapidly decrease.

55. On or about December 11, 2014 there was an indication of stained fluid from meconium.

56. On or about December 11, 2014 Hayes requested an ultra sound prior to the C-section.

57.     On or about December 11, 2014 an ultra sound was performed.

58.     On or about December 11, 2014 no heart beat was found for Kylon.

59.     On or about December 11, 2014, at approximately 11:00 a.m. through 7:00 p.m.,
Kyresha labored.

60.     On or about December 11, 2014, at approximately 7:00 p.m., James and a nursing
team presented to Kyresha's room.

61.     On or about December 11, 2014, at approximately 7:00 p.m., Kyresha was fully
dilated.

62.     On or about December 11, 2014, at approximately 7:00 p.m., James left Kyresha.

63.     On or about December 11, 2014 at approximately 9:00 p.m., James returned to
Kyresha's room to finish delivery.

64.     On or about December 11, 2014, at approximately 9:00 p.m., Kylon would not
descend and retract.

65.     On or about December 11, 2014, at approximately 9:00 p.m., James and Hayes
decided to perform a C-section.

66.     On or about December 11, 2014 at approximately 9:00 p.m., Kyresha signed a
second set of C-section paperwork.

67.     On or about December 12, 2014 at approximately 2:00 a.m., James and Hayes
performed a C-section on Kyresha.

68.      On or about December 12, 2014, at approximately 4:00 a.m., Kylon was delivered
still born.

## Count I Wrongful Death
## (Ingalls Memorial Hospital)

1-68. Hereinafter Plaintiffs incorporate by reference paragraphs 1-68 of this complaint.

69.      At all times material, Ingalls through its agents and/or employees, including James, Hayes, and Darlene had a duty to possess and apply the knowledge and use the skill of a reasonably well-qualified health care provider under the same of similar circumstances

70.      On or about December 11, 2014 and at all times material, Ingalls through its agents and/or employees, were negligent in one or more of the following respects;

 a. Failing to provide the proper equipment to conduct fetal heart monitoring; and/or
 b. Failing to replace or repair broken equipment used to conduct fetal heart monitoring; and/or
 c. Failing to properly monitor the heartbeat of Kylon; and/or
 d. Failing to provide the necessary care to Kyresha and Kylon; and/or
 e. Failing to provide timely care to Kylon and Kyresha; and/or
 f. Failing to timely deliver Kylon; and/or
 g. Failing to properly care for Kyresha; and/or
 h. was otherwise negligent.

71.      As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, KRYESHA and KYLON, suffered injuries resulting in KYLON's death on December 11, 2014. Kylon, Deceased, left surviving him: Kyresha Coleman, his mother; and Dylon Collins, his father.

72.      As a proximate result of one or more of the aforesaid negligent acts or omissions, Kylon, died and his parents sustained a loss of society, love, care and affection.

73.      Pursuant to Illinois Code of Civil Procedure, Section 2-622, the Affidavit of Attorney for Plaintiffs is attached hereto as Exhibit A.

10

74.    Pursuant to Illinois Code of Civil Procedure, Section 2-622, Plaintiffs have made a request for the examination and copying of records, to which the Defendant has failed to comply completely within 60 days.

75.    Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; and Kyresha Coleman brings this cause of action on behalf of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE, the Plaintiffs, Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; Kyresha Coleman, by and through her attorneys, Power Rogers and Smith LLP demands judgment against defendant Ingalls Memorial Hospital, individually and/or by and through its doctors, nurses, medical providers, and/or agents, including Ernest Hayes and Sharon James, M.D.; and Darlene McCafferty, R.N. in the amount of money in excess of Fifty Thousand Dollars ($50,000) as shall represent fair and just compensation.

## Count II Wrongful Death
### (Chicago Metropolitan Obstetricians & Gynecologists, Ltd.)

1-68. Hereinafter Plaintiffs incorporate by reference paragraphs 1-68 of this complaint.

69.    At all times material, Ingalls through its agents and/or employees, including James and Hayes had a duty to possess and apply the knowledge and use the skill of a reasonably well-qualified health care provider under the same of similar circumstances

70.    On or about December 11, 2014 and at all times material, Ingalls through its agents and/or employees, were negligent in one or more of the following respects;

      a.    Failing to provide the proper equipment to conduct fetal heart monitoring; and/or

      b.    Failing to replace or repair broken equipment used to conduct fetal heart monitoring; and/or

      c.    Failing to properly monitor the heartbeat of Kylon; and/or

11

    d.   Failing to provide the necessary care to Kyresha and Kylon; and/or

    e.   Failing to provide timely care to Kylon and Kyresha; and/or

    f.   Failing to timely deliver Kylon; and/or

    g.   Failing to properly care for Kyresha; and/or

    h.   was otherwise negligent.

71.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, KYLON, suffered injuries resulting in his death on December 12, 2014. Kylon, Deceased, left surviving him: Kyresha Coleman, his mother; and Dylon Collins, his father.

72.    As a proximate result of one or more of the aforesaid negligent acts or omissions, Kylon, died and his parents sustained a loss of society, love, care and affection.

73.    Pursuant to Illinois Code of Civil Procedure, Section 2-622, the Affidavit of Attorney for Plaintiffs is attached hereto as Exhibit A.

74.    Pursuant to Illinois Code of Civil Procedure, Section 2-622, Plaintiffs have made a request for the examination and copying of records, to which the Defendant has failed to comply completely within 60 days.

75.    Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; and Kyresha Coleman brings this cause of action on behalf of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE, the Plaintiffs, Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; Kyresha Coleman, by and through her attorneys, Power Rogers and Smith LLP demands judgment against defendant, CHICAGO METROPOLITAN OBSTETRICIANS & GYNECOLOGISTS, LTD,, individually and/or by and through its doctors, nurses, medical providers, and/or agents, including Ernest Hayes and Sharon James, M.D., in the amount of money in excess of Fifty Thousand Dollars ($50,000) as shall represent fair and just compensation.

## Count III Ernest Hayes M.D
### (Wrongful Death)

1-68. Hereinafter Plaintiffs incorporate by reference paragraphs 1-68 of this complaint.

69.     At all times material, Ernest Hayes M.D., had a duty to possess and apply the knowledge and use the skill of a reasonably well-qualified health care provider under the same of similar circumstances

70.     On or about December 11, 2014 and at all times material, Hayes was negligent in one or more of the following respects;

        a.  Failing to provide the proper monitoring strips;

        b.  Failing to replace or repair broken monitoring strips;

        c.  Failing to properly monitor the heartbeat of Kylon;

        d.  Failing to provide the necessary care to Kylon;

        e.  Failing to provide timely care to Kylon;

        f.  Failing to timely deliver Kylon;

        g.  failing to properly care for Kryesha; and/or

        h.  was otherwise negligent.

71.     As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, KYLON, suffered injuries resulting in his death on December 12, 2014. Kylon, Deceased, left surviving him: Kyresha Coleman, his mother; and Dylon Collins, his father.

72.     As a proximate result of one or more of the aforesaid negligent acts or omissions, Kylon, died and his parents sustained a loss of society, love, care and affection

73.     Pursuant to Illinois Code of Civil Procedure, Section 2-622, the Affidavit of Attorney for Plaintiffs is attached hereto as Exhibit A.

74.     Pursuant to Illinois Code of Civil Procedure, Section 2-622, Plaintiffs have made a request for the examination and copying of records, to which the Defendant has failed to comply completely within 60 days.

75.     Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; and Kyresha Coleman; brings this cause of action on behalf of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE, the Plaintiffs, Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; Kyresha Coleman, by and through her attorneys, Power Rogers and Smith LLP demands judgment against defendant ERNEST HAYES, in the amount of money in excess of Fifty Thousand Dollars ($50,000) as shall represent fair and just compensation.

## Count IV Wrongful Death
### (Sharon James M.D.)

1-68. Hereinafter Plaintiffs incorporate by reference paragraphs 1-68 of this complaint.

69.     At all times material, Sharon James M.D., had a duty to possess and apply the knowledge and use the skill of a reasonably well-qualified health care provider under the same of similar circumstances

70.     On or about December 11, 2014 and at all times material, James was negligent in one or more of the following respects;

    a.   Failing to provide the proper monitoring strips;

    b.   Failing to replace or repair broken monitoring strips;

    c.   Failing to properly monitor the heartbeat of Kylon;

    d.   Failing to provide the necessary care to Kylon;

    e.   Failing to provide timely care to Kylon;

    f.   Failing to timely deliver Kylon;

g.   Failing to properly care for Kryesha; and/or

h.   was otherwise negligent.

71.     As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, KYLON, suffered injuries resulting in his death on December 12, 2014. Kylon, Deceased, left surviving him: Kyresha Coleman, his mother; and Dylon Collins, his father.

72.     As a proximate result of one or more of the aforesaid negligent acts or omissions, Kylon, died and his parents sustained a loss of society, love, care and affection.

73.     Pursuant to Illinois Code of Civil Procedure, Section 2-622, the Affidavit of Attorney for Plaintiffs is attached hereto as Exhibit A.

74.     Pursuant to Illinois Code of Civil Procedure, Section 2-622, Plaintiffs have made a request for the examination and copying of records, to which the Defendant has failed to comply completely within 60 days.

75.     Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; Kyresha Coleman; brings this cause of action on behalf of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE, the Plaintiffs, Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; Kyresha Coleman, by and through her attorneys, Power Rogers and Smith LLP demands judgment against defendant SHARON JAMES, M.D., in the amount of money in excess of Fifty Thousand Dollars ($50,000) as shall represent fair and just compensation.

## Count V- Wrongful Death
### (Darlene McCafferty R.N.)

1-68. Hereinafter Plaintiffs incorporate by reference paragraphs 1-68 of this complaint.

69.     At all times material, Darlene McCafferty R.N., had a duty to possess and apply the knowledge and use the skill of a reasonably well-qualified health care provider under the same of similar circumstances

70.     On or about December 11, 2014 and at all times material, Darlene was negligent in one or more of the following respects:

        a.  Failing to provide the proper monitoring strips;

        b.  Failing to replace or repair broken monitoring strips;

        c.  Failing to properly monitor the heartbeat of Kylon;

        d.  Failing to provide the necessary care to Kylon;

        e.  Failing to provide timely care to Kylon;

        f.  Failing to timely deliver Kylon;

        g.  Failing to properly care for Kryesha; and/or

        h.  was otherwise negligent.

71.     As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, KYLON, suffered injuries resulting in his death on December 12, 2014. Kylon, Deceased, left surviving him: Kyresha Coleman, his mother; and Dylon Collins, his father.

72.     As a proximate result of one or more of the aforesaid negligent acts or omissions, Kylon, died and his parents sustained a loss of society, love, care and affection.

73.     Pursuant to Illinois Code of Civil Procedure, Section 2-622, the Affidavit of Attorney for Plaintiffs is attached hereto as Exhibit A.

74.     Pursuant to Illinois Code of Civil Procedure, Section 2-622, Plaintiffs have made a request for the examination and copying of records, to which the Defendant has failed to comply completely within 60 days.

75.     Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; and Kyresha Coleman; brings this cause of action on behalf of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE, the Plaintiffs, Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; Kyresha Coleman, by and through her attorneys, Power Rogers and Smith LLP demands judgment against defendant DARLENE McCAFFERTY, R.N., in the amount of money in excess of Fifty Thousand Dollars ($50,000) as shall represent fair and just compensation.

### Count VI- Wrongful Death
### (Blue Island Clinical Company, LLC d/b/a Metro South Medical Center Blue Island)

1-68. Hereinafter Plaintiffs incorporate by reference paragraphs 1-68 of this complaint.

69.     At all times material, Metro South Medical Center at Blue Island through its agents and/or employees, including Arlette Brown, M.D.; and Ashley Hallahan, RN had a duty to possess and apply the knowledge and use the skill of a reasonably well-qualified health care provider under the same of similar circumstances

70.     On or about December 3, 2014 and at all times material, Metro at Blue Island through its agents and/or employees, were negligent in one or more of the following respects;

      a.  Failing to provide the proper equipment to conduct fetal heart monitoring; and/or

      b.  Failing to replace or repair broken equipment used to conduct fetal heart monitoring; and/or

      c.  Failing to properly monitor the heartbeat of Kylon; and/or

      d.  Failing to provide the necessary care to Kyresha and Kylon; and/or

      e.  Failing to provide timely care to Kylon and Kyresha; and/or

      f.  Failing to timely deliver Kylon; and/or

g. Failing to properly care for Kyresha; and/or

h. Improperly discharged Kryesha; and/or

i. was otherwise negligent.

71.     As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, KYLON, suffered injuries resulting in his death on December 12, 2014. Kylon, Deceased, left surviving him: Kyresha Coleman, his mother; and Dylon Collins, his father.

72.     As a proximate result of one or more of the aforesaid negligent acts or omissions, Kylon, died and his parents sustained a loss of society, love, care and affection.

73.     Pursuant to Illinois Code of Civil Procedure, Section 2-622, the Affidavit of Attorney for Plaintiffs is attached hereto as Exhibit A.

74.     Pursuant to Illinois Code of Civil Procedure, Section 2-622, Plaintiffs have made a request for the examination and copying of records, to which the Defendant has failed to comply completely within 60 days.

75.     Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; and Kyresha Coleman brings this cause of action on behalf of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE, the Plaintiffs, Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; Kyresha Coleman, by and through her attorneys, Power Rogers and Smith LLP demands judgment against defendant, BLUE ISLAND CLINIC COMPANY, LLC d/b/a METRO SOUTH MEDICAL CENTER at BLUE ISLAND, individually and/or by and through its doctors, nurses, medical providers, and/or agents including, ARLETTE BROWN M.D. and ASHLEY HALLAHAN R.N, in the amount of money in excess of Fifty Thousand Dollars ($50,000) as shall represent fair and just compensation.

## Count VI- Wrongful Death
## (Blue Island Clinical Company, LLC d/b/a Metro South Medical Center)

18

1-68. Hereinafter Plaintiffs incorporate by reference paragraphs 1-68 of this complaint.

69.     At all times material, Metro South Medical Center through its agents and/or employees, including Arlette Brown, M.D.; and Ashley Hallahan, RN had a duty to possess and apply the knowledge and use the skill of a reasonably well-qualified health care provider under the same of similar circumstances

70.     On or about December 3, 2014 and at all times material, Metro South through its agents and/or employees, were negligent in one or more of the following respects;

     a.  Failing to provide the proper equipment to conduct fetal heart monitoring; and/or

     b.  Failing to replace or repair broken equipment used to conduct fetal heart monitoring; and/or

     c.  Failing to properly monitor the heartbeat of Kylon; and/or

     d.  Failing to provide the necessary care to Kyresha and Kylon; and/or

     e.  Failing to provide timely care to Kylon and Kyresha; and/or

     f.  Failing to timely deliver Kylon; and/or

     g.  Failing to properly care for Kyresha; and/or

     h.  Improperly discharged Kryesha; and/or

     i.  was otherwise negligent.

71.     As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, KYLON, suffered injuries resulting in his death on December 12, 2014. Kylon, Deceased, left surviving him: Kyresha Coleman, his mother; and Dylon Collins, his father.

72.     As a proximate result of one or more of the aforesaid negligent acts or omissions, Kylon, died and his parents sustained a loss of society, love, care and affection.

73.     Pursuant to Illinois Code of Civil Procedure, Section 2-622, the Affidavit of Attorney for Plaintiffs is attached hereto as Exhibit A.

19

74.     Pursuant to Illinois Code of Civil Procedure, Section 2-622, Plaintiffs have made a request for the examination and copying of records, to which the Defendant has failed to comply completely within 60 days.

75.     Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; and Kyresha Coleman brings this cause of action on behalf of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE, the Plaintiffs, Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; Kyresha Coleman, by and through her attorneys, Power Rogers and Smith LLP demands judgment against defendant, BLUE ISLAND CLINIC COMPANY, LLC d/b/a METRO SOUTH MEDICAL CENTER at BLUE ISLAND, individually and/or by and through its doctors, nurses, medical providers, and/or agents including, ARLETTE BROWN M.D. and ASHLEY HALLAHAN R.N,;, in the amount of money in excess of Fifty Thousand Dollars ($50,000) as shall represent fair and just compensation.

### Count V- Wrongful Death
### (AFFILIATED PHYSICIANS GROUP, LLC)

1-68. Hereinafter Plaintiffs incorporate by reference paragraphs 1-68 of this complaint.

69.     At all times material, Affiliated Physicians Group, LLC through its agents and/or employees, including Arlette Brown, M.D. had a duty to possess and apply the knowledge and use the skill of a reasonably well-qualified health care provider under the same of similar circumstances

70.     On or about December 11, 2014 and at all times material, Affiliated Physicians Group  through its agents and/or employees, were negligent in one or more of the following respects;

a. Failing to provide the proper equipment to conduct fetal heart monitoring; and/or

b. Failing to replace or repair broken equipment used to conduct fetal heart monitoring; and/or

c. Failing to properly monitor the heartbeat of Kylon; and/or

d. Failing to provide the necessary care to Kyresha and Kylon; and/or

e. Failing to provide timely care to Kylon and Kyresha; and/or

f. Failing to timely deliver Kylon; and/or

g. Failing to properly care for Kyresha; and/or

h. was otherwise negligent.

71.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, KYLON, suffered injuries resulting in his death on December 12, 2014. Kylon, Deceased, left surviving him: Kyresha Coleman, his mother; and Dylon Collins, his father.

72.    As a proximate result of one or more of the aforesaid negligent acts or omissions, Kylon, died and his parents sustained a loss of society, love, care and affection.

73.    Pursuant to Illinois Code of Civil Procedure, Section 2-622, the Affidavit of Attorney for Plaintiffs is attached hereto as Exhibit A.

74.    Pursuant to Illinois Code of Civil Procedure, Section 2-622, Plaintiffs have made a request for the examination and copying of records, to which the Defendant has failed to comply completely within 60 days.

75.    Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; and Kyresha Coleman brings this cause of action on behalf of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE, the Plaintiffs, Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; Kyresha Coleman, by and through her attorneys, Power Rogers and Smith LLP demands judgment against defendant, AFFILIATED PHYSICIANS GROUP, LLC, individually

and/or by and through its doctors, nurses, medical providers, and/or agents including, ARLETTE BROWN M.D. and ASHLEY HALLAHAN R.N, in the amount of money in excess of Fifty Thousand Dollars ($50,000) as shall represent fair and just compensation.

## Count VIII- Wrongful Death
## (ACCESS COMMUNITY HEALTH NETWORK)

1-68. Hereinafter Plaintiffs incorporate by reference paragraphs 1-68 of this complaint.

69.     At all times material, Access Community Health Network through its agents and/or employees, including Arlette Brown, M.D. had a duty to possess and apply the knowledge and use the skill of a reasonably well-qualified health care provider under the same of similar circumstances

70.     On or about December 3, 2014 and at all times material, Access Community Health through its agents and/or employees, were negligent in one or more of the following respects;

    a. Failing to provide the proper equipment to conduct fetal heart monitoring; and/or
    b. Failing to replace or repair broken equipment used to conduct fetal heart monitoring; and/or
    c. Failing to properly monitor the heartbeat of Kylon; and/or
    d. Failing to provide the necessary care to Kyresha and Kylon; and/or
    e. Failing to provide timely care to Kylon and Kyresha; and/or
    f. Failing to timely deliver Kylon; and/or
    g. Failing to properly care for Kyresha; and/or
    h. was otherwise negligent.

71.     As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, KYLON, suffered injuries resulting in his death on December 12, 2014. Kylon, Deceased, left surviving him: Kyresha Coleman, his mother; and Dylon Collins, his father.

72.     As a proximate result of one or more of the aforesaid negligent acts or omissions, Kylon, died and his parents sustained a loss of society, love, care and affection.

73.     Pursuant to Illinois Code of Civil Procedure, Section 2-622, the Affidavit of Attorney for Plaintiffs is attached hereto as Exhibit A.

74.     Pursuant to Illinois Code of Civil Procedure, Section 2-622, Plaintiffs have made a request for the examination and copying of records, to which the Defendant has failed to comply completely within 60 days.

75.     Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; and Kyresha Coleman brings this cause of action on behalf of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE, the Plaintiffs, Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; Kyresha Coleman, by and through her attorneys, Power Rogers and Smith LLP demands judgment against defendant, ACCESS COMMUNITY HEALTH NETWORK, individually and/or by and through its doctors, nurses, medical providers, and/or agents including, ARLETTE BROWN M.D., in the amount of money in excess of Fifty Thousand Dollars ($50,000) as shall represent fair and just compensation.

### Count IV  ARLETTE BROWN M.D
### (Wrongful Death)

1-68. Hereinafter Plaintiffs incorporate by reference paragraphs 1-68 of this complaint.

69.     At all times material, Arlette Brown M.D., had a duty to possess and apply the knowledge and use the skill of a reasonably well-qualified health care provider under the same of similar circumstances

70.     On or about December 3, 2014 and at all times material, Brown was negligent in one or more of the following respects;

          a.  Failing to provide the proper monitoring strips;

          b.  Failing to replace or repair broken monitoring strips;

          c.  Failing to properly monitor the heartbeat of Kylon;

          d.  Failing to provide the necessary care to Kylon;

          e.  Failing to provide timely care to Kylon;

          f.  Failing to timely deliver Kylon;

          g.  failing to properly care for Kryesha; and/or

          h.  was otherwise negligent.

71.     As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, KYLON, suffered injuries resulting in his death on December 12, 2014. Kylon, Deceased, left surviving him: Kyresha Coleman, his mother; and Dylon Collins, his father.

72.     As a proximate result of one or more of the aforesaid negligent acts or omissions, Kylon, died and his parents sustained a loss of society, love, care and affection.

73.     Pursuant to Illinois Code of Civil Procedure, Section 2-622, the Affidavit of Attorney for Plaintiffs is attached hereto as Exhibit A.

74.     Pursuant to Illinois Code of Civil Procedure, Section 2-622, Plaintiffs have made a request for the examination and copying of records, to which the Defendant has failed to comply completely within 60 days.

75.     Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; and Kyresha Coleman; brings this cause of action on behalf of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE, the Plaintiffs, Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; Kyresha Coleman, by and through her attorneys, Power Rogers and Smith LLP demands judgment against defendant ARLETTE BROWN, M.D, in the amount of money in excess of Fifty Thousand Dollars ($50,000) as shall represent fair and just compensation.

### Count V Ashley Hallahan, RN
### (Wrongful Death)

1-68. Hereinafter Plaintiffs incorporate by reference paragraphs 1-68 of this complaint.

69.     At all times material, Ashley Hallahan had a duty to possess and apply the knowledge and use the skill of a reasonably well-qualified health care provider under the same of similar circumstances

70.     On or about December 3, 2014 and at all times material, Hallahan was negligent in one or more of the following respects;

        a.   Failing to provide the proper monitoring strips;

        b.   Failing to replace or repair broken monitoring strips;

        c.   Failing to properly monitor the heartbeat of Kylon;

        d.   Failing to provide the necessary care to Kylon;

        e.   Failing to provide timely care to Kylon;

        f.   Failing to timely deliver Kylon;

        g.   failing to properly care for Kryesha; and/or

        h.   was otherwise negligent.

71.     As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, KYLON, suffered injuries resulting in his death on December 12, 2014. Kylon, Deceased, left surviving him: Kyresha Coleman, his mother; and Dylon Collins, his father.

72.     As a proximate result of one or more of the aforesaid negligent acts or omissions, Kylon, died and his parents sustained a loss of society, love, care and affection.

73.     Pursuant to Illinois Code of Civil Procedure, Section 2-622, the Affidavit of Attorney for Plaintiffs is attached hereto as Exhibit A.

74.     Pursuant to Illinois Code of Civil Procedure, Section 2-622, Plaintiffs have made a request for the examination and copying of records, to which the Defendant has failed to comply completely within 60 days.

75.     Kyresha Coleman, as Special Administrator of the Estate of Kylon Collins, deceased; and Kyresha Coleman; brings this cause of action on behalf of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE, the Plaintiffs, Kyresha Coleman, as Special Administrator of the Estate of

Kylon Collins, deceased; Kyresha Coleman, by and through her attorneys, Power Rogers and

Smith LLP demands judgment against defendant ASHLEY HALLAHAN, RN, in the amount of

money in excess of Fifty Thousand Dollars ($50,000) as shall represent fair and just compensation.


Respectfully Submitted,

POWER ROGERS & SMITH, LLP

By: _____
        One of the attorneys for the Plaintiff

Larry R. Rogers, Jr..
POWER ROGERS & SMITH, LLP.
70 W. Madison Street, Suite 5500
Chicago, Illinois 60602
Telephone: 312/236-9381
Atty. #31444

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

KYRESHA COLEMAN, as Special Administrators of the
Estate of KYLON COLLINS, Deceased,

Plaintiff(s),

v.

INGALLS MEMORIAL HOSPITAL, et al.

Defendant(s).

No:

Jury Demanded

### AFFIDAVIT

Affiant, LARRY R. ROGERS, JR. on behalf of plaintiff, and pursuant to 735 ILCS 5/2-622(a)(2) AND 735 ILCS 5/2-622(a)(3), and being first duly sworn on oath, deposes and states:

(a) That this Affiant was unable to obtain based on a review of the complete medical record and consultation by a qualified health professional prior to filing this action because the statute of limitations would impair the action and the consultation based on a review of the complete medical record required under 735 ILCS 5/2-622(a)(1) could not be obtained before the expiration of the statute of limitations.

(b) That a request for examination and copying of Kyresha Coleman and her son, Kylon Collins, medical records has failed to produce a complete copy of such records within sixty (60) days of the receipt of the request.

(c) That this Affiant shall file, within ninety (90) days after the filing of this complaint, the appropriate required certification.

FURTHER AFFIANT SAYETH NOT.

Attorney for Plaintiff(s)
Larry R. Rogers, Jr.
POWER ROGERS & SMITH
70 West Madison, 55th Floor
Chicago, IL   60602
(312) 236-9381
Atty. No.   31444

Signed and sworn to before me this 9th day of December 2016

Notary Public

DONNA L SYMANSKI
Official Seal
Notary Public · State of Illinois
My Commission Expires Jun 13, 2020

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

KYRESHA COLEMAN, as Special Administrators of the
Estate of KYLON COLLINS, Deceased,

Plaintiff(s),

v.

INGALLS MEMORIAL HOSPITAL, et al.

Defendant(s).

No:

Jury Demanded

### AFFIDAVIT

NOW comes Affiant, Larry R. Rogers, Jr., and being first duly sworn on oath, deposes and states:

1. That he is one of the attorneys representing the Estate of Kylon Collins, deceased in the above cause.
2. That he is familiar with the facts in the above cause.
3. That he has reviewed the available information relating to the money damages in the above matter.
4. That based upon information and belief, the total money damages sought in the above cause are worth in excess of Fifty Thousand Dollars ($50,000.00).

_____
Larry R. Rogers, Jr.

Subscribed and sworn to before me
this _____ day of _____, 2016

_____
Notary Public

DONNA L SYMANSKI
Official Seal
Notary Public - State of Illinois
My Commission Expires Jun 13, 2020

POWER, ROGERS & SMITH, LLP
70 West Madison Street—55th Floor
Chicago, IL 60602
Phone No. 312/236-9381